UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,

Debtors.

ASHKAN RAJAEE,

Appellant,

v.

CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,

Appellee.

Case No.: 26-cv-3170-RSH-DDL
Bankruptcy No.: 24-00617-CL7

**ORDER DISMISSING APPEAL**

[ECF No. 9]

Debtor-Appellant Ashkan Rajaee appeals from an April 22, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's motion for sanctions against the Chapter 7 Trustee and the Trustee's counsel. *See* ECF No. 1 at 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"); *see also* Bankruptcy Case, Dkt. No. 925 (Apr. 22, 2026 Order on Debtor's Motion for Sanctions Against Chapter 7 Trustee and Counsel). The merits of the appeal have been fully briefed. *See* ECF Nos. 13, 15, 16.

The following order also addresses Rajaee's motion to invalidate the Trustee's election to proceed in district court. ECF No. 9.

## I. BACKGROUND

This is one of over twenty bankruptcy appeals that Rajaee or his wife have taken from the same Bankruptcy Case, including:

(1) No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2) No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3) No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4) No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5) No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6) No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7) No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8) No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9) No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10) No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; affirmed on July 17, 2026)

(11) No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(12) No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; dismissed on Aug. 20, 2026)

(13) No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Sept. 9, 2026)

(14) No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(15) No. 26-cv-3061-RSH-BJW (notice of appeal filed on May 6, 2026; dismissed on Oct. 7, 2026)

(16) No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Oct. 7, 2026)

(17) No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on Aug. 26, 2026)

(18) No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on Sept. 2, 2026)

(19) No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; dismissed on Sept. 9, 2026)

(20) No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)

(21) No. 26-cv-3809-RSH-GC (notice of appeal filed May 13, 2026; dismissed on Aug. 18, 2026)

(22) No. 26-cv-4863-RSH-GC (notice of appeal filed July 24, 2026, dismissed on Oct. 5, 2026)

(23) No. 26-cv-4936-RSH-GC (notice of appeal filed Aug. 11, 2026, pending)

(24) No. 26-cv-5424-RSH-GC (notice of appeal filed Sept. 1, 2026, pending)

To date, none of these appeals has been successful.

Many of the foregoing proceedings involve duplicate appeals, in which Mr. and Ms. Rajaee each filed, on the same day, identical notices of appeal from the same Bankruptcy Court order. The instant appeal by Ashkan Rajaee is thus taken from the same Bankruptcy Court order as Nassim Rajaee's appeal in Case No. 26-cv-3166. *Compare* ECF No. 1 *with* Case No. 26-cv-3166, ECF No. 1 (separately appealing the same order).

//

## II. JURISDICTION

A party may appeal as of right from "final judgments, orders, and decrees" entered by bankruptcy courts "in cases and proceedings." *See* 28 U.S.C. § 158(a)(1). "By providing for appeals from final decisions in bankruptcy 'proceedings,' as distinguished from bankruptcy 'cases,' Congress made 'orders in bankruptcy cases . . . immediately appeal[able] if they finally dispose of discrete disputes within the larger [bankruptcy] case.'" *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 39 (2020) (alterations in original) (quoting *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015)). This is because "[a] bankruptcy case encompasses numerous 'individual controversies, many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor.'" *Id.* at 38 (quoting *Bullard*, 575 U.S. at 501).

In assessing whether an order is "final" for purposes of appealability, the Ninth Circuit applies "a pragmatic approach." *In re Perl*, 811 F.3d 1120, 1125 (9th Cir. 2016). "A bankruptcy court order is considered final 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'" *In re SK Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012) (quoting *In re AFI Holding*, 530 F.3d 832, 836 (9th Cir. 2008)); *see also In re Marino*, 949 F.3d 483, 487 (9th Cir. 2020) ("An order in a bankruptcy proceeding is final and thus appealable if it alters the status quo and fixes the rights and obligations of the parties or alters the legal relationships among the parties.") (citation modified).

If a bankruptcy court's order is interlocutory rather than final, district courts have limited discretionary appellate jurisdiction. *See* 28 U.S.C. § 158(a)(2), (3); Fed. R. Bankr. P. 8004. "[T]he Ninth Circuit has explained that courts should not grant leave to appeal from an interlocutory order of a bankruptcy judge unless the following requirements are met: '(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation.'" *In re Thinkfilm, LLC*, No. 12-9795, 2013 WL 654010, at *1 (C.D. Cal. Feb. 21, 2013) (quoting *In re Cement Antitrust Litig.*, 673 F.2d

1020, 1026 (9th Cir. 1982)); *see also Vistam, Inc. v. Flahaut*, No. 2:24-cv-4460-SSS, 2024 WL 5480346, at *2 (C.D. Cal. Dec. 5, 2024) (quoting *In re Thinkfilm*, 2013 WL 654010, at *1). "While district courts have discretionary authority to hear interlocutory appeals, review of interlocutory orders is generally disfavored." *In re Thinkfilm, LLC*, 2013 WL 654010, at *1.

The Trustee contends that this Court lacks appellate jurisdiction in this case. ECF No. 15 at 9-11. Rajaee's reply brief does not respond to the Trustee's contention, or assert that this Court has jurisdiction. Quite the opposite: Rajaee maintains that "[t]he District Court has not acquired lawful appellate jurisdiction over this appeal." *See* ECF No. 16 at 5. Rajaee states, however, that "[i]f this Court determines that it has lawful appellate jurisdiction over this appeal, ECF 925 must be vacated." *See* ECF No. 16 at 22.

The Court agrees that it lacks appellate jurisdiction here, although for a different reason than those advanced by the Parties. Rajaee appeals from an order denying sanctions against the Trustee in the course of his bankruptcy case. The Ninth Circuit has stated, in the context of a bankruptcy appeal, that "[s]anctions orders are interlocutory orders that are not appealable until final judgment is entered." *In re Markus*, 313 F.3d 1146, 1151 (9th Cir. 2002) (citing *Cunningham v. Hamilton County*, 527 U.S. 198, 209 (1999)). The Ninth Circuit has similarly held that the denial of a motion for Rule 11 sanctions prior to judgment is a non-final order, explaining that "[a]s the litigation continues and a fuller picture of opposing counsel's conduct emerges, the court may decide to impose sanctions based on a renewed motion . . . or on its own motion," and that the court "is free to reconsider its decision to deny sanctions." *McCright v. Santoki*, 976 F.2d 568, 569 (9th Cir. 1992). Here, the Bankruptcy Court's denial of sanctions did not, with finality, resolve and seriously affect substantive rights. Nor are any of the grounds that would justify an interlocutory appeal present. This appeal is therefore subject to dismissal.

## III. MOTION TO DETERMINE INVALIDITY OF ELECTION

On July 2, 2026, Rajaee filed a filed a motion for an order determining that the Trustee's election to proceed with this appeal in district court is invalid, and transferring

this appeal to the U.S. Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit. ECF No. 9 at 17–18. This motion is meritless, and the Court has denied this same motion numerous times in other bankruptcy appeals filed by Rajaee and his wife. There is no dispute that a party to a bankruptcy appeal may timely elect to have an appeal heard by the district court rather than a BAP. *See* Fed. R. Bankr. P. 8005(a). Mr. Rajaee does not contest that the Trustee, who is clearly parties to this appeal, timely made such an election. Rajaee's argument is that the election is ineffective because the Bankruptcy Court's order converting the case to Chapter 7 and appointing a Chapter 7 Trustee was itself invalid. *See* ECF No. 9 at 9. But Rajaee did not timely appeal the conversion, and this Court has already affirmed the Bankruptcy Court's denial of his motion to reconsider the conversion order. *See* Case No. 25-cv-667, Dkt. No. 23 (Oct. 31, 2025 order of affirmance).

## IV. CONCLUSION

The appeal is **DISMISSED**.

Rajaee's motion to determine validity of election [ECF No. 9] is **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: October 8, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge